UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KATHY D. HOLLER,

    Plaintiff,

vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.

Case No. 1:06-cv-764

Judge Timothy S. Black

**ORDER: (1) DENYING DEFENDANT'S MOTION TO ALTER JUDGMENT (Doc. 45); AND (2) GRANTING PLAINTIFF'S MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS (Doc. 35)**

This civil action is currently before the Court on Defendant's motion to alter judgment. (Doc. 45). Plaintiff did not file a memorandum in opposition.[1]

Also before the Court is Plaintiff's motion for reasonable attorneys' fees and costs (Doc. 35), supplemental memorandum in support (Doc. 43), and Defendant's memorandum in opposition (Doc. 48).

### I. MOTION TO ALTER JUDGMENT

#### A. Standard of Review

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. The Sixth Circuit has determined, however, that a motion to alter or amend judgment may be granted only: "(1) to correct a clear error of law; (2) to account

---

[1] Plaintiff's failure to submit a memorandum in opposition to Defendant's motion may be deemed sufficient grounds for the Court to grant the motion. S.D. Ohio Civ. R. 7.2(a)(2). However, in the interests of justice, the Court will address the substantive issues raised in the motion.

for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice." *CGH Transp. Inc. v. Quebecor World, Inc.*, 261 Fed. Appx. 817, 823 (6th Cir. 2008) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999)). Any "newly discovered evidence" the moving party provides must have been previously unavailable. *Id.* (citing *GenCorp*, 178 F.3d at 834). "Further, under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007) (citation omitted).

In addition to the substantive requirements of a successful Rule 59(e) motion, the Rule also states that "a motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The ten-day filing period is jurisdictional in nature, and any motion to reconsider filed outside this time frame is of no effect. *Feathers v. Chevron, U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). Defendant's motion to alter needed to be filed by September 8, 2010 in order to meet this deadline. (*See* Docs. 40, 41). However, Defendant filed its motion on September 24, 2010. (Doc. 45).

A motion to reconsider filed more than ten days after the entry of judgment is treated as a motion for relief from judgment under Fed. R. Civ. P. 60(b). The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion. Rule 60(b) provides that relief may be granted only for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been

>   discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud, misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

### B.  Analysis

Defendant moves the Court to alter or amend its decision and judgment to remove all references to: (1) an award of future benefits; (2) complete deference afforded to the opinions of Plaintiff's physician in determining her entitlement to future benefits; and (3) the finding that Defendant has a "history of biased claims administration."

#### 1.  *Future benefits*

Under ERISA, a civil action may be "brought by a participant or beneficiary . . . to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Defendant claims that the Court's decision exceeded these statutorily provided remedies by going beyond reinstating benefits and awarding past due benefits, to awarding future benefits.

The Court hereby clarifies its ruling. The Court concluded that Plaintiff remains

totally disabled and entitled to benefits under the Plan. The Court has not determined Plaintiff's entitlement to future benefits. However, as long as her condition does not improve, she is entitled to the disability until her 67th birthday in 2031. Nothing prevents Plaintiff's health insurance plan from evaluating whether she continues to be disabled in the future.

### 2. *Deference to Plaintiff's physician*

Next, Defendant argues that the Court improperly ordered it to defer to Plaintiff's physician's opinion when evaluating her right to continued benefit payments under the plan. Such deference is also known as the "treating physician rule," and Defendant claims that it does not apply in the ERISA context. The Court acknowledges that plan administrators need not accord special deference to the opinions of claimants' treating physicians; however "plan administrators may not arbitrarily refuse to credit a claimant's reliable evidence including the opinions of a treating physician." *Black & Decker Disability Plan v. Nord*, 538 U.S 822, 834 (2003). The Court is not suggesting that Defendant may not seek and obtain other medical input concerning Plaintiff's medical status. In its opinion, the Court simply emphasized that as a result of Defendant's past arbitrary and capricious decisions relating to Plaintiff, specifically Defendant's rejection of Plaintiff's treating physician in favor of consultants who reviewed only a summary of the record, Defendant must credit reliable opinions of Plaintiff's treating physicians as required by law.

### 3.     *History of Biased Claims Administration*

Finally, Defendant takes issue with the following statement in the Court's decision:

> Defendant has a clear history "of biased claims administration." Defendant exhibited "bias" in its arbitrary denial of Plaintiff's original claim. It also expressed bias in its internal emails which celebrated its denial of Plaintiff's claim. Defendant even referred Plaintiff to the Ohio Department of Insurance, Fraud Division. Accordingly, Defendant's conflict is, as a matter of law, of "great importance." Therefore, to the extent that the Report and Recommendations give significant weight to Defendant's conflict, such weight is proper under the facts.

(Doc. 40 at 10-11). Defendant argues that the evidence in this case was strictly limited to Plaintiff's claim and that all of the Court's findings regarding Defendant's "bias" were case-specific. The Court does not disagree with Defendant's contentions, nor do they change the Court's analysis. The Court maintains that there is a clear history of biased claims administration in the instant case.[2] It is clear from the language of the opinion that the Court was not referring to Defendant's claims administration processes in general – a conclusion that this Court would have no basis to make. Therefore, the Court declines Defendant's request that the Court amend its order to remove the reference to a "history of biased claims administration."

Accordingly, and given the instant clarification of the Court's original decision and judgment, Defendant's motion to alter judgment (Doc. 45) is **DENIED**.

---

[2] As this Court noted in its decision, the instant case is the third of three ERISA cases filed in this Court by Plaintiff concerning the termination of her LTD benefits.

## II. MOTION FOR ATTORNEYS' FEES

Plaintiff moved for attorneys' fees and costs (including prejudgment interest) pursuant to Section 502(g)(2) of the Employee Retirement Income Security Act of 1074 ("ERISA"), 29 U.S.C. §1132(g)(2). In support of its motion, Plaintiff submitted the declaration of attorney Michael Roberts and an itemized listing of the attorneys' fees and costs. (Doc. 35, Exs. 1, 2).

### A. Standard of Review

In most lawsuits seeking relief under ERISA, "a reasonable attorney's fee and costs are available to either party at the court's discretion." *Hardt v. Reliance Standard Life Ins.*, 130 S. Ct. 2149, 2152 (2010) (quoting 29 U.S.C. § 1132(g)(1)) (citation omitted). Although the language of the statute is silent regarding the degree of success a party must achieve in order to be eligible for an award of attorneys' fees, in *Hardt*, the Supreme Court interpreted the language of § 1132(g)(1) to allow an award of attorneys' fees "'in its discretion' . . . 'to either party' . . . as long as the fee claimant has achieved 'some degree of success on the merits.'" *Id.* (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983); 29 U.S.C. § 1132(g)(1)).

The Fourth Circuit's five-factor test considered in *Hardt* is identical to the *King* test utilized in this Circuit. *Compare Hardt*, 130 S.Ct. at 2155 n.1 (quoting *Quesinberry v. Life Ins. Co. of North Am.*, 987 F.2d 1017, 1029 (4th Cir. 1993) (setting out the Fourth Circuit test)) and *Gaeth v. Hartford Life Ins. Co.*, 538 F.3d at 529 (6th Cir. 2008) (setting

out the Sixth Circuit test). The Supreme Court did not, however, "foreclose the possibility that once a claimant has satisfied this requirement [some success on the merits], and thus becomes eligible for a fees award under § 1132(g)(1), a court may consider the five factors adopted by the Court of Appeals . . . in deciding whether to award attorney's fees." *Hardt*, 130 S.Ct. at 2158 n.8. *Hardt*, therefore, adds a threshold determination to a court's analysis of a motion for fees under § 1132(g)(1). Once a court determines that a claimant has achieved "some degree of success on the merits," it may apply a factor test to determine whether to award fees.

**B.     Analysis**

Plaintiff's eligibility for attorneys' fees and costs under § 1132(g)(1) turns on the question of whether she has achieved "some degree of success on the merits." *Hardt*, 130 S.Ct. at 2158. The Court easily concludes that Plaintiff has achieved "some degree of success on the merits."

Plaintiff's eligibility for attorneys' fees, however, does not establish her entitlement to them. *Hardt*, 130 S.Ct. at 2158 n.8 ("[O]nce a claimant . . . becomes eligible for a fees award . . . a court may consider the five factors . . . in deciding whether to award attorney's fees."). The factors of the *King* test must weigh in favor of an award of attorneys' fees before a district court in this Circuit will exercise its discretion to grant such fees. *Kauffman v. Sedalia Med. Center, Inc.*, No. 2:04cv543, 2007 U.S. Dist. LEXIS 9572 at *1 (Feb. 9, 2007 S.D. Ohio).

The *King* factors are as follows: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorneys' fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Gaeth*, 538 F.3d at 529. Because no single factor is determinative, the Court will consider each factor in turn. *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642-43 (6th Cir. 2006).

### 1. *Culpability or bad faith*

This Court's finding that Defendant's denial of benefits was arbitrary and capricious does not mean that the denial was made in bad faith. *Foltice v. Guardsman Products, Inc.*, 98 F.3d 933, 937 (6th Cir. 1996). Rather, "the Court considers the circumstances surrounding the denial," in order to determine the level of Defendant's culpability or bad faith. *Kauffman*, 2007 U.S. Dist. LEXIS 9572, at *1. It is important to note that culpability and bad faith are not synonymous – as is demonstrated by the disjunctive "or" in the *King* test. *Pelchant v. Unum Life Ins. Co.*, No. 3:02CV7282, 2003 U.S. Dist. LEXIS 10709, at *2 (N.D. Ohio June 25, 2006). "Culpability is merely defined as 'blameworthiness.'" *Id.* at *2 n.1 (citing Black's Law Dictionary 385 (7th ed. 1999)). Bad faith, on the other hand, has been defined by the Sixth Circuit as "arbitrary, reckless, indifferent, or intentional disregard of the interests of the person owed a duty." *Benkert v.*

*Med. Protective Co.*, 842 F.2d 144, 149 (6th Cir. 1988).

The Sixth Circuit has found that "[w]here a plan administrator engages in an inadequate review of a beneficiary's claim or otherwise acts improperly in denying benefits," the culpability aspect of the *King* test is satisfied. *Shelby County Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 377 (6th Cir. 2009). A paper review that fails to take treating physicians' opinions into account is an example of an inadequate review. *Moon v. Unum Provident Corp.*, 461 F.3d 639, 643-44 (6th Cir. 2006). This factor, therefore, weighs in favor of such an award.

### 2. *Defendant's ability to satisfy an award of attorneys' fees*

Defendant does not dispute its ability to satisfy an award of attorneys' fees. This factor, therefore, weighs in favor of such an award.

### 3. *Deterrent effect of a fee award*

The key question in analyzing this third factor is . . . whether the fee award [will] have a deterrent effect on other plan administrators." *Gaeth*, 538 F.3d at 532. The deterrent effect on other plan administrators is likely to have more significance in a case where the defendant is highly culpable – where "deliberate misconduct is in the offing," rather than when the plan administrator has just made an "honest mistake." *Foltice*, 98 F.3d at 937. Lack of bad faith should not impact whether a court finds fees could have a deterrent effect. *Moon*, 461 F.3d at 645.

In this case, Defendant's benefits determination does fall within the category of

"misconduct" rather than just an "honest mistake." Defendant's plan administrator failed to afford any weight to the Social Security Administration's determination that the claimant was totally disabled, failed to provide any explanation for rejecting the treating physician's opinion, and provided an incomplete record to the administrator's medical consultant. Similar to the Sixth Circuit's reasoning for awarding fees in *Moon*, awarding Plaintiff's fees will warn plan administrators that "before terminating a plan participant's benefits, a plan administrator should ensure that the opinions upon which they rely to make their decisions are based on a thorough review of the administrative record." *Id*. Thus, this third *King* factor also weighs in favor of awarding attorneys' fees.

### 4. *Conferring a common benefit on Plan participants or resolving a significant legal question under ERISA*

Plaintiff filed this case for her own benefit. Accordingly, she has not sought to confer a common benefit on other plan participants. *Moon*, 461 F.3d at 645. Additionally, no significant ERISA legal question has been or will be resolved by this case. Therefore, this factor weighs against awarding attorneys' fees.

### 5. *Relative merits of the parties' positions*

The Court reinstated Plaintiff's benefits in this case. Therefore, this factor favors Plaintiff and weighs in favor of awarding attorneys' fees.

None of the factors examined above is alone dispositive. *Foltice*, 98 F.3d at 937. The factors, do, however, inform the discretion of this Court. *Id*. at 936 ("When exercising the discretion vested in the district court by 29 U.S.C. § 1132(g)(1), we have

said, the district court should consider the [*King*] factors"). On balance, four factors weigh in favor of awarding attorneys' fees, and one weighs against. Considering these *King* factors in light of the evidence on the record, this Court awards reasonable costs and attorneys' fees to Plaintiff.

### III. REASONABLENESS OF FEES

The starting point for determining the amount of reasonable attorneys' fees is the "lodestar" amount. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). This is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* "Where the party seeking attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546 (1986).

#### A. Hours Expended

In determining the hours reasonably expended by a prevailing party's counsel,

> [t]he question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief requested. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.

*Woolridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1173 (6th Cir. 1990). Plaintiff submits that 151.4 hours were reasonably expended by her counsel on this case for a total of $33,549.00 in attorney fees. (Doc. 35, Ex. 2; Doc. 43). Defendant has objected in part

to the hours Plaintiff has claimed. (Doc. 48).

Defendant claims that Plaintiff's invoices in support of her motion for attorneys' fees include $6,507 in charges for time spent in *Holler v. Hartford Life & Accident Ins. Co.*, Case No. 1:06cv405, in which Plaintiff challenged Hartford's right to apply certain offsets in calculating payments. (Doc. 48). The parties and the Court have referred to the offset action as "Holler II."[3] The District Court in *Holler II* ruled in Hartford's favor. *See* 1:06cv405 at Doc. 28. Although Plaintiff appealed and the case was settled during the appeal, the underlying judgment was not vacated or reversed.[4] Therefore, Defendant argues that the time counsel spent in *Holler II* should not be allowed as recoverable fees. Because Plaintiff did not object to this argument, the Court will exclude all fees incurred in *Holler II*.

After reviewing counsel's billing records, the Court finds the remaining hours reasonable.

### B. Fee Enhancement

In addition to the requested attorneys' fees and costs, Plaintiff requests an enhancement of two times the requested fee award to punish Defendant for its bad faith. (Doc. 43). Plaintiff does not provide any legal support for this request.

---

[3] *Holler II* concerned whether Plaintiff was disabled under the "any occupation" standard.

[4] As a result of a mediation conducted during that appeal, Holler and Hartford agreed to a settlement that included a dismissal of the appeal (Case No. 08-3440, dismissed by Stipulation filed June 17, 2008).

The Supreme Court recognizes that the lodestar figure is the "guiding light of our fee-shifting jurisprudence" and that enhancement of attorneys' fees "would likely duplicate in substantial part factors already subsumed in the lodestar." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). Plaintiff's contention that an enhancement would serve as a deterrent is unpersuasive because that factor was already considered in the decision whether to award initially. Moreover, ERISA prohibits punitive damages, which is effectively what this Court would be awarding if it enhanced the attorneys' fees. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993) (punitive damages are not considered "equitable relief" for the purposes of 29 U.S.C. § 1132(a)(3)). Accordingly, the Court declines to enhance Plaintiff's fee award.

### C. Reasonable Hourly Rates

This Court finds Plaintiff is eligible for attorneys' fees under 29 U.S.C. § 1132(g)(1) because she has achieved more than trivial success on the merits of her claim. This Court also finds the *King* factors weigh in favor of awarding Plaintiff's attorneys' fees, which are reasonable with regard to the number of hours and rate requested.[5] Therefore, Plaintiff's motion for attorneys' fees (Doc. 35) is **GRANTED**.

---

[5] Defendant does not object to the hourly rates. (Doc. 49 at ¶ 2).

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. Plaintiff shall be entitled to recover from Defendant Hartford Life and Accident Insurance Company, **$27,042.00** in reasonable attorneys' fees; and

2. Plaintiff shall also be entitled to recover from Defendant Hartford Life and Accident Insurance Company, **$359.75** in costs.

Considering Plaintiff's reasonable attorneys' fees and costs, as well as this Court's judgment set forth in its decision and entry (Docs. 40, 41), final judgment is entered in favor of Plaintiff and against Defendant Hartford Life and Accident Insurance Company, plus recovery of attorney's fees and costs in the total amount of **$27,401.75.**

**IT IS SO ORDERED.**

DATE: 11/22/10

Timothy S. Black
United States District Judge